UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GEOVINY ROY ROSS,

                Plaintiff,

-against-

CHRIS BROWN; CARDI B,

                Defendants.

20-CV-10334 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated in Wende Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that his rights were violated in Wende Correctional Facility.[1] For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

      Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

---

[1] The named Defendants are celebrities in the music industry, and they do not appear to be involved in Plaintiff's assertion that he was assaulted on April 4, 2016, while he was asleep in his cell area in Wende Correctional Facility.

Plaintiff alleges that on April 14, 2016, while he was asleep in his cell area in Wende Correctional Facility, he was slashed on the left side of his face by gang members.[2] Plaintiff asserts that he received 20 to 25 stitches. Because Plaintiff does not allege that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Wende Correctional Facility, which is in the Western District of New York. *See* 28 U.S.C. § 112(d). Accordingly, venue lies in the Western District, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

[2] This Court does not make any determination regarding the timeliness of Plaintiff's claims but notes that the statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 9, 2020
         New York, New York

                                        _____
                                        COLLEEN McMAHON
                                        Chief United States District Judge